# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PESCHKE MAP TECHNOLOGIES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| THE MACERICH PARTNERSHIP, L.P., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Peschke Map Technologies LLC ("PMT") makes the following allegations against Defendant The Macerich Partnership, L.P. ("Defendant"):

## BACKGROUND

1.  George Peschke is a computer scientist and the inventor of United States Patent No. 6,397,143 (the "Peschke Patent") entitled "Layout Based Method for Map Navigation." In the late 1990s, Mr. Peschke invented a computerized layout mapping technology that provided, among other things, a depiction of the layout and location of stores and businesses, as well as information about the stores/businesses on linked pages. Mr. Peschke filed a patent application on October 26, 2000 and continued developing this technology into a working prototype system. Mr. Peschke started a company named Bizinco.com, with a website at www.bizinco.com by May 15, 2001 to showcase his technology. See, e.g., http://web.archive.org/web/20010515193104/http://www.bizinco.com/. The U.S. Patent and Trademark Office issued the Peschke Patent on May 28, 2002. Since Mr. Peschke's invention, many companies have implemented his novel and useful technology.

2. PMT is the exclusive licensee of the Peschke Patent. A true and correct copy of the Peschke Patent is attached as Exhibit A.

## PARTIES

3. PMT is a Delaware limited liability company.

4. On information and belief, Defendant is a Delaware limited partnership with its principal office at 11500 Midlothian, Turnpike 716b, Richmond, Virginia 23235. Defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, as its agent for service of process.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant has done business in this District, has committed and continues to commit acts of patent infringement in this District, and has harmed and continues to harm PMT in this District, by, among other things, using, selling, offering for sale, and/or importing infringing products and/or services in this District.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendant is subject to personal jurisdiction in this District, has committed and continues to commit acts of patent infringement in this District. For example, on information and belief, Defendant has used, sold, offered for sale, and/or imported infringing products and/or services in this District.

## COUNT I
## <u>INFRINGEMENT OF U.S. PATENT NO. 6,397,143</u>

8. Defendant has been and now is directly infringing the Peschke Patent, in this judicial District and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling store layout mapping products and services, including through its websites, which include a map navigation and display system which emphasizes the use of physical layout to assist users in locating stores and businesses in a particular area or location.  The infringing products and services provide at least one first level map depicting multiple store layouts; description pages corresponding to each store layout which contain information related to the corresponding store, e.g., business name, phone number, store hours, etc.; and links which, when activated, display the stores' corresponding description pages. Defendant's infringing products and services include, without limitation, its webpage http://deptfordmall.com/Map/ and related webpages.

9. By engaging in the conduct described herein, Defendant has injured PMT and is thus liable for infringement of the Peschke Patent pursuant to 35 U.S.C. § 271.

10. Defendant has committed these acts of infringement without license or authorization.

11. To the extent that facts learned in discovery show that Defendant's infringement of the Peschke Patent is or has been willful, PMT reserves the right to request such a finding at the time of trial.

12. As a result of Defendant's infringement of the Peschke Patent, PMT has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.  PMT will

continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

13. PMT has also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendant, its agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the Peschke Patent.

## **PRAYER FOR RELIEF**

PMT respectfully requests that this Court enter:

A. A judgment in favor of PMT that Defendant has infringed, directly and/or indirectly, the Peschke Patent;

B. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement of the Peschke Patent, or such other equitable relief the Court determines is warranted;

C. A judgment and order requiring Defendant to pay PMT its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Peschke Patent as provided under 35 U.S.C. § 284;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to PMT its reasonable attorneys' fees against Defendant;

E. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to PMT, including without limitation, pre-judgment and post-judgment interest; and

F.   Any and all other relief to which PMT may be entitled.

## DEMAND FOR JURY TRIAL

PMT, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

November 26, 2012

Of Counsel:

Alexander C.D. Giza
Marc A. Fenster
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
(310) 826-7474
agiza@raklaw.com
mfenster@raklaw.com

BAYARD, P.A.

*/s/ Stephen B. Brauerman*
Richard D. Kirk (#0922)
Stephen B. Brauerman (#4952)
Vanessa R. Tiradentes (#5398)
222 Delaware Avenue, Suite 900
P.O. Box 25130
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Plaintiff Peschke Map Technologies LLC*